Per Curiam.

There is no doubt that the plaintiffs are entitled to recover a proportion of the general average occasioned by the jettison. The ship, freight and cargo, must contribute to this loss. The claim for a total loss depends On the construction to be given to the exception in the memorandum, “ free from average unless general.” • The French writers, Yalin, Emergion and Pothier, consider it as protecting the underwriter from every partial, but not against any total loss.
The English construction is. that the protection extends to all losses except an actual, as distinguished from a techni *273 cal total loss. (3 Burr. 1550. Park, 114, 116. Millar, 359, S. C.) The clause appears to have been introduced in the year 1749, and the English decisions upon it recognize a usage conformable to this construction, coeval with the introduction of the clause.
We are, therefore, of opinion that the rule must be the same with us, and of course, that the plaintiffs can recover for the general average only. (Marsh. 138-155.) (a)
Judgment accordingly.

 See 2 Philips on Ins., 2d ed., 477,479, 494, 495. The common policies of New York exempt insurers from particular'ayerage on salt, dry fish, fruits, whether preserved or otherwise, grain, lumber, yarn, hides and skins, bar. and sheet iron, iron wire, tin plates, tobacco, Indian meal, cheese, vegetables and roots, cotton bagging, pleasure carriages, household furniture, musical instruments and looking glasses.