Radcliff, J.
If the article of deer skins be considered as perishable in its nature, and therefore comprehended in the first part of the memorandum, and Uncontrolled by the subsequent provision made in it, this case would come within the decision of Le Roy and others v. Gouverneur. (1 Johns. Cas. 226.) In that case, we determined, that under the usual terms of the memorandum, the insurer was never liable on account of perishable articles, except for a general average, and a total loss of the commodity. But the memorandum is here restrained by the subsequent provision, by which the parties have impliedly expressed their sense on the subject. It first declares, that articles perishable in their own nature shall be free from average, unless general. It then enumerates certain other articles, and among them skins and hides ; which are warranted free from average, under seven per cent, unless general. To make these provisions consistent, it must be understood that the parties did not consider skins and hides as included in the first description; for otherwise they would be made to say, that for them the insurer should not be liable for any average, unless general; and again, should not be liable for any average under seven per cent, unless general. The latter part of the memorandum must therefore be construed to qualify and restrain the former.(a)
*247 I am of opinion that there ought to be judgment for the plaintiff, on the verdict, as it stands.
Kent, J.
The only question in this case is, whether the
deer skins are to be included in that part of the memorandum, which declares that all articles perishable in their nature are warranted free from average, unless general. By specifying skins and hides as being subject to a partial exemption, the contract has excluded the idea that they are to be considered as goods perishable in their own nature, and subject to a more extensive exception. Any other construction would render the particular enumeration useless and absurd ; and as the skins did suffer a partial loss by the *delay arising from the capture, of above seven per cent., the defendants are responsible for a partial loss,
*248 Lansing, Oh. J. was of the same opinion.
Lewis, J. not having heard the argument, gave no opinion.
Judgment for the plaintiff.(b)

(a) Ex antaceierdibus et consequentibus Jit optima interpretatio, (2 Inst. 317.) The law will judge of a deed or other instrument consisting of divers parts or clauses, by looking at the whole, and will give to each part its proper office, so as to ascertain and carry out the intention of the parties. (Carter, 98. *247 Hobart, 275. Bro. Max. 249. Sbep. Touch. 87. Per Lord Ellenborough, Ch. J. in Barton v. Fitzgerald, 15 East, 541. 2 Blac. Comm. 379. Quackenboss v. Lansing, 6 Johns. R. 49. Roberts v. Roberts, 22 Wend. R. 140. Proctor v. Poole, 4 Devereux, 370. Webster v. Atkinson, 4 New Hamp. 2t. See Cocheco Manuf. Co. v. Whittier, 10 id. 305. Per Richardson, Cb. J. Chamberlain v. Crane, 1 id. 65.) Thus, for example, the condition of a bond may be used to explain the obligatory part thereof. (Coles v. Holme, 8 Barn. & Cresw. 568. Waugh v. Russell, 1 Marshall, 214. Bosworth v. Forard, Orl. Bridg. 158. Lloyd v. Lord Say, 10 Mod. 46. Langdon v. Goole, 3 Lev. 21. See also Uredale v. Halfpenny, 2 P. Wms. 152. Ex parte Symonds, 1 Cox, 200. Bishop v. Church, 2 Ves. Senr. 100, 371. Torgas v. Puget, 2 Ves. 194, Cholmondeley v. Clinton, 2 Jac. & Walk. 1 ;) the general words of a clause may be qualified, or rather explained by matter recited, (2 Saund. 47, t. n, c. Payler v. Homershaw, 4 M. & S. 423. See Simons v. Johnson, 3 Barn, & Adolph. 180. Solly v. Forbes, 2 Brod. & Bing. 38. Charleton v. Spencer, 3 Q. B. 693. Sampson v. Easterly, 9 Barn. & Cresw. 505. S. C. 1 Cr. & J. 105. See Den Ex dem Hatton v. Dew, 3 Murphy, 260. Woods v. Nashua Manuf. Co. 5 New Hamp. 467 ;) and two deeds executed at the same time, and in reference to the same subject matter, will be construed together. (Jackson v. Dunsbagh, 1 Johns. Cas. 91. Starr v. Tifft, 15 Johns. 458. See 2 Cowen, 218. Watson v. McKinney, 3 Wend. 233. King v. King, 7 Mass. R, 496, 499. Clap v. Draper, 4 id. 266. Holbrook v. Phinney, id. 596. Bridge v. Wellington, 1 id. 219. Stocking v. Fairchild, 5 Peck. 181. Thompson v. McClenachan, 17 Serg. & Rawle, 110. Emerson v. Murray, 4 New Hamp, 171. Williams v. Handley, 3 Bibb. 10. Izard v. Montgomery, 1 Nott. & McCord, 381.) See generally upon this rule Marvin v. Stone, 2 Cowen, 781, Quackenboss v. Lansing, 6 Johns. 49. Watchman v. Crook, 5 Gill & Johns. 239. Tabb et al v. Archer, 3 Hen. & Munf. 399. Randolph et al. v. Randolph et al. id. Den ex dem. Sasser v. Blythe, 1 Haywood, 259.)

(b) See Phillips on Insurance, ed. 1840, 481. Barker v. Ludlow, infra, 289.